UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SWEETWATERS GROUP, LLC, et al.,

    Plaintiffs

v.                                             Case No. 22-10403
                                            Honorable Victoria A. Roberts

RAWAH COFFEESHOP, LLC, et al.

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [ECF NO. 18]

    **I.**    **INTRODUCTION**

Plaintiffs filed this action for trademark infringement and breach of contract. After Defendants failed to respond or otherwise defend against the action, Plaintiffs filed a motion for default judgment. They request that the Court: (1) enjoin Defendants' trademark infringement; (2) enforce Defendants' post-termination obligations outlined in the Franchise Agreements between the parties; (3) grant injunctive relief; and (4) grant damages for Defendants' breach of the parties' Franchise Agreements. Plaintiffs also request attorney's fees.

1

After careful review of the record, the Court **GRANTS** Plaintiffs' Motion for Default Judgment.

## I. FACTUAL BACKGROUND

Plaintiffs Sweetwaters Group, LLC and Sweet Waters Café, Inc. (collectively, "Sweetwaters") is a business franchise owner who previously contracted with Defendants Rawah Coffeeshop, LLC, Siwan Jeetun, Lokeshree Rawah-Jeetun, and Mukul Dev Rawah (collectively, "Defendants") to operate a Sweetwaters franchise. Sweetwaters says that Defendants discontinued operating the franchise without Sweetwaters' consent, constituting "abandonment" under the parties' two legally binding Franchise Agreements.

Sweetwaters then terminated the Franchise Agreements. It informed Defendants in a notice of termination that if Defendants failed to comply with their post-termination obligations as outlined in the Agreements, Sweetwaters would take legal action. Some post-termination obligations of the Agreements included ceasing ownership and operation of the franchised business, abiding by a two-year covenant not to compete with Sweetwaters in geographic areas where Sweetwaters has sold franchises, removing all signage bearing the Sweetwaters Marks, and returning all Sweetwaters confidential information.

2

Defendants did not comply with any of these obligations. Shortly after sending the notice of termination, Sweetwaters learned that Defendants were operating a competitive coffee retail store (called "The Brew") at the same location of Defendants' former Sweetwaters franchise. Within the new store, Defendants continue to operate utilizing Sweetwaters' trademarks, placing Sweetwaters logos and other confidential information on The Brew products. In its complaint, Sweetwaters includes photographs of The Brew, which still bears the "Sweetwaters" logo on its storefront and utilizes Sweetwaters products in its operation.

Sweetwaters filed suit, seeking: (1) an immediate and permanent injunction enjoining Defendants' trademark infringement; (2) an immediate and permanent injunction prohibiting Defendants from operating a competing business as outlined in the parties' Franchise Agreements; (3) monetary damages relating to Defendants' abandonment of the franchised business; and (4) an award of attorneys' fees. Defendants did not respond or otherwise defend against the action.

## II. RELEVANT LAW

The Court may enter a default judgment against a defendant who fails to plead or otherwise defend against an action. To obtain a judgment by default, the moving party must first request for the Clerk of the Court to enter

a default under Fed. R. Civ. P. 55(a). *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Upon entry of a default, all well-pled allegations of the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. Jun. 9, 2006) (*citing Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)).

A default judgment on well-pled allegations only establishes a defendant's liability; the plaintiff must still establish the extent of damages. *RQSI Global Asset Allocation Master Fund, Ltd. v. APERCU International PR LLC*, 2019 WL 1922052, at *4 (internal citations omitted).

### III. ANALYSIS

In its Motion for Default Judgment, Sweetwaters says that it is entitled to injunctive relief as a result of Defendants' breach of the parties' Franchise Agreements. [ECF No. 18, 11]. Sweetwaters also requests $67,967.28 in liquidated damages pursuant to the liquidated damages provision of the same Agreements.

Finally, Sweetwaters submitted a Petition for Attorney's Fees by All Plaintiffs, requesting an additional $47,582.38 to cover the costs of retaining counsel. [ECF No. 19].

### A. The Court Grants Sweetwaters' Request for Injunctive Relief.

Sweetwaters says that Defendants breached the parties' Franchise Agreements by abandoning the franchise and operating a competing coffee business on the same premises. Sweetwaters argues that The Brew, Defendants' new coffee business located at the same site of Defendants' former Sweetwaters franchise, is illegally utilizing Sweetwaters' trademarks and violating Defendants' post-termination obligations. Sweetwaters provides photographs of The Brew, which still bears the "Sweetwaters" logo on its storefront and operates using Sweetwaters products.

Sweetwaters asks the Court to order Defendants to comply with the post-termination obligations of the Franchise Agreements. This includes ceasing operation of Defendants' competing business and returning Sweetwaters' trademarked information, among other things.

Because Sweetwaters establishes that Defendants failed to meet their post-termination obligations under the Franchise Agreements and Defendants did not defend against this action, the Court believes that Sweetwaters' request for injunctive relief is reasonable. The Court **GRANTS** Sweetwaters' request for injunctive relief.

Defendants and all other persons in active concert or participation with them are ordered to immediately and fully comply with the post-termination

obligations contained in Sections 14 and 16 of the Franchise Agreements. Those obligations include but are not limited to the following:

    i.   Defendants and all persons in active concert or participation with them shall immediately cease ownership and/or operation of their competing business located at the same location as their former Sweetwater's franchised location, located at 160 Jordan Creek Pkwy #160, West Des Moines, Iowa 50266 (the "Jordan Creek Franchise"), and shall not thereafter, directly or indirectly, represent themselves to the public or hold themselves out to the public as present or former franchisees of Sweetwaters;

    ii.   Defendants and all persons in active concert or participation with them shall immediately return to Sweetwaters all Sweetwaters' proprietary information, knowledge and know-how, trade secrets, methods, standards and specifications, marketing and sales programs, fixture and furniture selection, interior and exterior design and décor, staffing guidelines and other research and development connected with the establishment and operation of a Sweetwaters® café, and shall retain no copy or record of any of the foregoing;

    iii.    Defendants and all persons in active concert or participation with them shall immediately provide to Sweetwaters a current and up-to-date customer list, and take action to transfer, disconnect, forward, or assign to Sweetwaters, and simultaneously cancel any interest they may retain in, all telephone numbers and domain names used in connection with their former Sweetwaters franchise, including, but not limited to: (1) the phone number (515) 225-6569, and (2) the execution of Exhibit F contained in their franchise agreements with Sweetwaters;

    iv.    Defendants and all persons in active concert or participation with them shall immediately and permanently cease to use in advertising or in any manner whatsoever any methods, procedures, or techniques associated with the Sweetwaters® System in which Sweetwaters has a proprietary right, title, or interest;

    v.    Defendants and all persons in active concert or participation with them shall immediately and permanently cease to use all trademarks, trade names, and commercial symbols used in connection with the Sweetwaters® System (the "Marks");

vi. Defendants and all persons in active concert or participation with them shall make such modification or alterations to the premises of the Jordan Creek Franchise (including but not limited to removing signage, trade dress, physical characteristics, color combinations, and other indications of operation associated with Sweetwaters), as necessary to distinguish the appearance of the premises from that of a Sweetwaters' affiliated franchise, and shall make such specific additional changes as Plaintiffs may request to dissociate the Jordan Creek Franchise location from the Sweetwaters® System;

vii. Starting on the date of Defendants' compliance with this Order, for a continuous uninterrupted period of two years, Defendants and all persons in active concert or participation with them shall refrain from owning, maintaining, engaging in, or being employed as an officer, director, or principal of, lend money to, extend credit to, lease/sublease space to, or have any interest in or involvement with any business that generates 20% or more of its net revenue from the sale of gourmet coffee products by the cup, including, without

            limitation, such business as coffee and tea stores, espresso/coffee cafes, and coffee houses, at: (1) 160 Jordan Creek Pkwy #160, West Des Moines, Iowa 50266; (2) within a two mile radius of 160 Jordan Creek Pkwy #160, West Des Moines, Iowa 50266 (the "Designated Territory); or (3) within a ten mile radius of the Designated Territory or any other Sweetwaters® café that is open, under lease, or otherwise under development as of February 1, 2022; and

viii.    Starting on the date of Defendants' compliance with this Order, for a continuous uninterrupted period of two (2) years, Defendants and all persons in active concert or participation with them shall refrain from soliciting customers of the Jordan Creek Franchise or contacting any supplier or vendors used by the Jordan Creek Franchise for any competitive business purpose.

### B. The Court Grants Sweetwaters' Request for Liquidated Damages.

Next, Sweetwaters requests $67,967.28 in liquidated damages flowing from Defendants' breach of the Franchise Agreements. In Section 15(E) of

9

the Agreements, Defendants agreed to pay Sweetwaters liquidated damages if the Agreements were violated.

The section's liquidated damages formula provides that a violation of the Agreements requires payment of an amount equal to the greater of: "(i) $27,000; or (ii) 24 times (a) the average Royalty that [Defendants were] required to pay [Sweetwaters] for the full 12 month period prior to termination, plus (b) the average Fund Contribution that [Defendants were] required to pay [Sweetwaters] for the full 12 month period prior to termination." [ECF No. 18-2].

Iowa law governs this claim for liquidated damages. The Franchise Agreements provide that, subject to Sweetwaters' rights under federal trademark laws, all claims relating to the Agreements will be governed by the state where the Franchised Business is located (here, Iowa). Under Iowa law, a liquidated damages provision is favored, but a contract term fixing unreasonably large liquidated damages is unenforceable as a penalty. *City of Davenport v. Shewry Corp.*, 674 N.W.2d 79, 85 (Iowa 2004). On the other hand, a liquidated damages clause is enforceable if it is "reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss." *Rohlin Constr. Co. v. Hinton*, 476 N.W. 2d 78, 80 (Iowa 1991).

Sweetwaters' request for liquidated damages is reasonable. Defendants explicitly agreed that the liquidated damages provision within the Franchise Agreements was a reasonable proximation of damages. The Court reviewed the liquidated damages formula in the Agreements, and the calculation of liquidated damages is not unreasonably large considering the harms of trademark infringement that Sweetwaters has suffered. The formula is reasonable in light of Sweetwaters' actual loss caused by the breach and the difficulties of proof of loss. Accordingly, the calculations Sweetwaters provides support that it is entitled to $67,967.28 in liquidated damages. The liquidated damages provision is reasonable and not a penalty.

### C. The Court Grants Sweetwaters' Request for Attorneys' Fees.

Finally, Sweetwaters requests that the Court order Defendants to pay Sweetwaters' reasonable attorneys' fees.

Iowa law allows a party to recover reasonable attorneys' fees when judgment is recovered on a written contract that contains an agreement to pay attorneys' fees. Iowa Code Ann. § 625.22 (2021). The applicant for attorneys' fees must show that the services were reasonably necessary and the charges were reasonable in amount. *GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning and Refrigeration, Inc.*, 691 N.W.2d 730, 733 (Iowa 2005).

In its petition, Sweetwaters discusses the rates charged, hours expended, and costs incurred as a result of this litigation. Sweetwaters employed attorneys of varied experience and kept detailed records of the hours each individual spent on the case. For this reason, the Court is satisfied that Sweetwaters has shown that its attorneys' fees were reasonably necessary.

## IV.   CONCLUSION

The Court **GRANTS** Sweetwaters' Motion for Default Judgment. Sweetwaters' injunctive relief is ordered as outlined above. Additionally, Rawah Coffeeshop, LLC, Siwan Jeetun, Mukul Dev Rawah, and Lokeshree Rawah-Jeetun are jointly and severally liable to Sweetwaters in the amount of $67,967.28, plus interest, for liquidated damages pursuant to the liquidated damages provision contained in Section 15(E) of the Franchise Agreements. Finally, Defendants are jointly and severally liable for $47,582.38, the reasonable attorneys' fees and costs that Sweetwaters incurred as supported by its Petition for Attorneys' Fees.

**SO ORDERED.**

Dated: 10/14/2022                              s/ Victoria A. Roberts
                                               Victoria A. Roberts
                                               United States District Court Judge